UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENNETH H. MUNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 3:15-cv-0078 |
| ) | Judge Aleta A. Trauger |
| ROBERT C. BRYAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the court is a Partial Motion to Dismiss filed by defendants Sheriff Robert C. Bryan and Detective Michael Barbee, in their individual and official capacities (Docket No. 29), to which plaintiff Kenneth H. Munson has filed a Memorandum of Law & Argument in Response (Docket No. 41), and Sheriff Bryan and Detective Barbee have filed a Reply (Docket No. 42). For the reasons discussed herein, the Partial Motion to Dismiss will be granted in part and denied in part.

## PROCEDURAL HISTORY

This case arises from the arrests and prosecution of Plaintiff Kenneth H. Munson in connection with crimes committed in Wilson County and Marshall County, Tennessee, allegedly by a different man with the same name.

On January 23, 2015, Mr. Munson filed a Complaint (Docket No. 1) against, among others, Sheriff Robert C. Bryan, individually and in his official capacity as Sheriff of Wilson County, Tennessee; and Detective Michael Barbee, individually and in his official capacity as an

1

employee of Wilson County, Tennessee (collectively, the "Wilson County Defendants"). Mr. Munson asserts causes of action against the Wilson County Defendants under: 1) 42 U.S.C. § 1983, for violations of the Fifth and Fourteenth Amendments of the Constitution of the United States of America; 2) TENN. CODE ANN. §§ 40-7-101 and 8-8-301; and 3) Tennessee common law for false arrest, false imprisonment, assault, battery, malicious prosecution, "abuse of arrest," and negligence.

On February 12, 2015, Mr. Munson filed a First Amended Complaint (Docket No. 11), which only corrected an error as to the name of one of the other defendants but did not make any changes to the legal claims or factual allegations or any other changes that would impact the Wilson County Defendants.

On April 1, 2015, the Wilson County Defendants filed the pending Partial Motion to Dismiss the First Amended Complaint (Docket No. 29) along with a Memorandum in Support (Docket No. 30), seeking to dismiss: 1) claims under 42 U.S.C. § 1983 against Sheriff Bryan and Detective Barbee in their official capacities; 2) claims against Sheriff Bryan in his individual capacity arising under both § 1983 and Tennessee common law; 3) claims for punitive damages arising from (a) § 1983 individual and official capacity claims against Sheriff Bryan and Detective Barbee, and (b) Tennessee common law claims against Sheriff Bryan and Detective Barbee in their individual capacities; and 4) claims against Sheriff Bryan and Detective Barbee, in their individual and official capacities, for violations of TENN. CODE ANN. § 40-7-101.[1]  Also

---

[1] Two clarifications regarding the scope of the motion are necessary. First, the motion purports to seek dismissal of *all* official capacity claims against Sheriff Bryan and Detective Barbee (as well as associated claims for punitive damages), but the accompanying Memorandum does not substantively address official capacity claims under Tennessee common law. Conversely, the motion is styled as seeking to dismiss *only* the § 1983 claims against Sheriff Bryan in his individual capacity, but the accompanying Memorandum, as well as the Response, also address

on April 1, 2015, the Wilson County Defendants filed an Answer to the First Amended Complaint. (Docket No. 31.) On April 22, 2015, Mr. Munson filed a Memorandum of Law & Argument in Response to the Wilson County Defendant's Partial Motion to Dismiss. (Docket No. 41.) On April 29, 2015, the Wilson County Defendants filed a Reply. (Docket No. 42.)

On June 19, 2015, with leave of court (Docket No. 45), Mr. Munson filed a Second Amended Complaint (Docket No. 48) that substituted the City of Lewisburg for previous defendant Chuck Forbis. Aside from the substitution of this defendant, the Second Amended Complaint contained no material differences from the First Amended Complaint.[2]

## FACTUAL ALLEGATIONS[3]

On the morning of January 25, 2014, Mr. Munson was arrested at his home in West

---

individual capacity claims against Sheriff Bryan under Tennessee common law (and the associated claims for punitive damages). The court will review what has been substantively briefed, which includes the Tennessee common law claims against Sheriff Bryan in his individual capacity, but not against Sheriff Bryan and Detective Barbee in their official capacities.

[2] As a matter of procedure, Mr. Munson's Second Amended Complaint technically renders moot the Wilson County Defendants' Partial Motion to Dismiss. Because the changes made in the Second Amended Complaint do not at all impact the underlying issues, however, the court will decide the motion anyway, and treat it as a partial motion to dismiss the Second Amended Complaint. Mr. Munson argues that, where a complaint is accused of being insufficient, a non-moving party can ask the court to delay ruling on a 12(b)(6) motion and allow discovery to proceed. He cites no legal authority for this position. In addition, he has now had two opportunities to amend his pleadings, including one amendment made after the Wilson County Defendants' Partial Motion to Dismiss was fully briefed. Accordingly, the court will not further delay ruling on the Partial Motion to Dismiss.

[3] The facts recounted in this section are pulled from Mr. Munson's Second Amended Complaint and are presumed to be true for the purposes of this Rule 12(b)(6) motion. As explained above, the Wilson County Defendants' Partial Motion to Dismiss is directed to the allegations in the First Amended Complaint, but they apply with equal force to the identical allegations in the Second Amended Complaint (hereinafter, the "Complaint").

3

Shelbyville, Tennessee (located in Bedford County) by the Bedford County Sheriff's Department and brought to the Bedford County Jail. His arrest was made in connection with a warrant for the arrest of a suspect with the same name (Kenneth Munson), for "Theft of Property $1,000.00-$10,000.00" in Wilson County on September 28, 2013." (Complaint ¶ 15.)

Later that same day, Mr. Munson was transported to the Wilson County Jail by the Wilson County Sheriff's Department. Mr. Munson repeatedly protested his innocence to the Wilson County deputy who transported him and to each Wilson County employee he interacted with during the booking process. During questioning, Mr. Munson told the Wilson County deputies that he had never before been to Wilson County or met the victim of the alleged car theft there, where a man by the name of Kenneth Munson was said to have stolen a car from a woman after discussing purchasing the vehicle from her and taking it for a test drive. He also told them that he had never lived in Lewisburg, Tennessee (in Marshall County), where a man by the name of Kenneth Munson was also said to have stolen a car, firearms, and other personal items from his roommates. Mr. Munson paid $2,500 in bail and was released that evening.

On January 27, 2014, Mr. Munson and his wife went to Lebanon to speak with Detective Barbee, the lead detective investigating the case in Wilson County. Detective Barbee told Mr. Munson that he knew Mr. Munson had lived in Lewisburg, as a roommate to the victims of the car theft there in Marshall County, and also that he knew Mr. Munson was the person responsible for that car theft, as well as the one in Wilson County. Mr. Munson informed Detective Barbee that he had never lived in Lewisburg but lived with his wife, his children, and his mother in West Shelbyville. He also told Detective Barbee that he had never been to Wilson County before and never met the victim of the Wilson County incident. Detective Barbee asked Mr. Munson if he had ever lived in Indiana, and Mr. Munson replied that he had not. Mr. Munson also provided

Detective Barbee with bank account and cell phone records, as well as the names of six individuals who could verify his alibi that he was in Kentucky on September 28, 2013, when the alleged Wilson County incident took place. Further, Mr. Munson does not fit the physical description of the suspect that was provided by the Wilson County witnesses, nor does he fit the (different) physical description of the suspect that was provided by the witnesses to the incident in Lewisburg, Marshall County. Nevertheless, Detective Barbee allegedly stated to Mr. Munson, "I don't owe you anything. We got our man, case closed." (Complaint ¶ 36), and the Wilson County Sheriff's Department continued its prosecution of Mr. Munson.

On March 11, 2014, while seated in the courtroom awaiting his first court appearance for the Wilson County incident, Mr. Munson was arrested by the Wilson County Sheriff's Deputy for Aggravated Burglary in connection with the incident in Lewisburg, Marshall County. As a consequence, Mr. Munson went before the judge in his Wilson County hearing in handcuffs and shackles, where he "plead [sic] 'not guilty' and protested that he was not the correct person." (Complaint ¶ 41.) Mr. Munson was then detained in the Wilson County jail until 6 a.m. the next day, when he was transported to Marshall County.[4] While in the custody of Wilson County, he was denied a phone call, denied his medication, denied a pillow and blanket, and was not offered any food until 7 p.m. (after having been detained since 8:30 a.m.).

At a hearing on May 15, 2014, the charges against Mr. Munson in Wilson County were dropped and the presiding judge ordered the state of Tennessee to pay to expunge Mr. Munson's

---

[4] The Complaint goes on to allege misconduct by officers in Marshall County, who are also named as defendants in the lawsuit. Those allegations are not relevant to this motion and are therefore not discussed in detail.

5

record.[5]

Mr. Munson also alleges that Sheriff Bryan, "through [his] failure to adequately train, hire and supervise [his] staff," caused Mr. Munson to suffer a violation of his constitutional rights and that Sheriff Bryan was "aware that a lack of training or inadequate training created a substantial risk that citizens may unnecessarily suffer serious harm, but failed to provide adequate training despite that awareness." (Complaint ¶¶ 71, 73.) Mr. Munson further alleges that this "oversight constituted deliberate indifference" to his constitutional rights. (Complaint ¶ 76.) Aside from these boilerplate allegations, Mr. Munson does not allege any additional facts regarding: 1) the actual policies or training procedures in Wilson County, 2) events in Wilson County beyond the circumstances of his own arrest and investigation (as recited above), or 3) conduct by Sheriff Bryan.

## ANALYSIS

### I. Rule 12(b)(6) Standard

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not

---

[5] The charges against Mr. Munson for the incident in Lewisburg, Marshall County were likewise nolled in April of 2014.

whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.

## II. <u>Official Capacity § 1983 Claims</u>

As the parties agree, the court must construe § 1983 claims against Sheriff Bryan and Detective Barbee in their official capacities as claims against Wilson County.[6] For the reasons

---

[6] The Wilson County Defendants appear to argue in their Partial Motion to Dismiss (though later appear to waive the argument in their Reply) that § 1983 claims against Sheriff Bryan and Detective Barbee in their official capacities should be *dismissed* because they raise only claims against Wilson County. The cases they cite, however, suggest merely that claims against an agent of a governmental entity in his official capacity are to be construed as claims against the governmental entity; they do not require that a court must dismiss all claims against a governmental entity that are styled as against an agent in his official capacity, nor do these cases require a plaintiff to amend his complaint to name the governmental entity instead of the agents in their official capacity before these claims against the governmental entity can be reviewed. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)); *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The court acknowledges that, as the parties agree, any liability arising from the claims against Sheriff Bryan and Detective Barbee in their official capacities belongs to Wilson County and not to Sheriff Bryan or Detective Barbee as individuals. The court will not, however, dismiss the § 1983 claims naming Sheriff Bryan and Detective

discussed below, these claims will be dismissed on the grounds that Mr. Munson has failed to sufficiently plead a § 1983 claim against Wilson County.

### A. Legal Standard For Municipal Liability Under § 1983

A governmental entity cannot be held liable under § 1983 on the basis of *respondeat superior* for the actions of its agents, but can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In order to show an illegal policy or custom that supports municipal liability under *Monell*, a plaintiff must show one of the following: "1) the existence of an illegal official policy or legislative enactment; 2) that an official with final decision making authority ratified illegal actions; 3) the existence of a policy of inadequate training or supervision; or 4) the existence of a custom or tolerance of, or acquiescence in, federal rights violations." *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013). Thus in order to survive the motion to dismiss phase under *Twombly* and *Iqbal*, a complaint setting forth a § 1983 municipal liability claim must plead with specificity one or more of these grounds for showing an illegal policy or custom. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 944 (M.D. Tenn. 2012); *Johnson v. Metro. Gov't of Nashville*, 2010 WL 3619790 at *3 (M.D. Tenn. 2010); *Minick v. Metro. Gov't of Nashville*, 2014 WL 3817116 at *2 (M.D. Tenn. 2014).

There are no allegations in the Complaint or arguments in the briefing related to ground 2 (that an official with decision making authority ratified illegal action) as a theory of liability for Wilson County. As discussed more fully below, Mr. Munson has failed to adequately plead facts supporting grounds 1, 3 or 4 (theories of liability arising from an official policy, unofficial

---

Barbee in their official capacities on this ground, but will review them as a unitary claim against Wilson County.

custom of tolerating federal rights violations, or inadequate training), and therefore the § 1983 claims against Sheriff Bryan and Detective Barbee in their official capacities must be dismissed.

**B. Official or Unofficial Policy Theories of Liability**

In order to prevail on a § 1983 claim against a municipality based on an official policy theory, a plaintiff must "'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). A theory of an unwritten policy of tolerating federal rights violations requires "(1) the existence of a clear and persistent pattern of [illegal activity]; (2) notice or constructive notice on the part of the [defendant]; (3) the [defendant's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and (4) that the [defendant's] custom was the 'moving force' or direct causal link in the constitutional deprivation." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (*citing Doe v. Claiborne Cnty.,* 103 F.3d 495, 508 (6th Cir. 1996)).

Mr. Munson argues that he has met the requirements for pleading a § 1983 claim against Wilson County because Wilson County has a policy of "arresting the incorrect man without further investigation" and that this policy is the "moving force" behind the violation of his constitutional rights. (Response at p. 4.) This boilerplate language does not even appear in the Complaint. Moreover, this statement on its own cannot give rise to § 1983 liability against Wilson County under either a theory of an illegal official Wilson County policy, or a theory that Wilson County has a custom (or unofficial policy) of tolerating federal rights violations. The Complaint lacks any factual allegations regarding a Wilson County policy or custom of this type

9

of misconduct. Allegations that Wilson County officers arrested Mr. Munson without adequate investigation do not equate to allegations that Wilson County has either a *custom* or *policy* of "arresting the wrong man." Mr. Munson does not allege any specific facts to suggest that the misconduct giving rise to the alleged violation of his constitutional rights is part of a persistent pattern in Wilson County. His argument is merely tautological: because he was allegedly injured by the County, the County must have a policy that gives rise to injuries like his own.[7] There is therefore no basis to support an official policy theory of § 1983 liability against Wilson County.

### C. Inadequate Training Theory of Liability

The inadequacy of police training serves as a basis for a municipality's § 1983 liability "'where the failure to train amounts to *deliberate indifference* to the rights of persons with whom the police come into contact.'" *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Deliberate indifference of a municipality in this context can be shown by either 1) "failure to provide adequate training in light of foreseeable consequences that could result from a lack of instruction," or 2) failure to respond to repeated complaints of constitutional violations by its officers that put the city on notice of deficiencies in its training procedures. *Regets v. City of Plymouth*, 568 F. App'x 380, 394 (6th Cir. 2014) (quoting *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006), and citing *Marcilis v. Twp. of Redford*, 693 F.3d 589, 605 (6th Cir. 2012)). "However, mere allegations that an officer was improperly trained or that an injury could have been avoided

---

[7] While there may be instances where a single decision can give rise to municipal liability under § 1983, that is generally reserved for instances where the liability results from an alleged final policy decision that is itself unconstitutional, not where the following of a policy by agents of the municipality gives rise to a single constitutional violation. *See Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

with better training are insufficient to make out deliberate indifference." *Harvey v. Campbell Cnty., Tenn.*, 453 F. App'x 557, 563 (6th Cir. 2011).

Mr. Munson does not actually argue that his § 1983 claim against Wilson County is based on an inadequacy of officer training, despite the fact that the Wilson County Defendants anticipate this potential argument in their Partial Motion to Dismiss. He therefore effectively concedes that he has failed to state a § 1983 inadequate training claim. Moreover, the boilerplate language in the Complaint, alleging that Sheriff Bryan failed to adequately train his staff, is insufficient to support an inadequate training claim. Mr. Munson does not plead any specific facts to suggest that Wilson County either has a history of prior constitutional violations or fails to adequately prepare for recurring situations where a constitutional violation is likely to occur. Nor does Mr. Munson raise any facts to suggest that Wilson County had constructive notice of a deficit in its training procedures. Accordingly, there are no grounds to support a § 1983 claim against Wilson County on an inadequate training theory of liability.

### III. Claims Against Sheriff Bryan In His Individual Capacity

Mr. Munson concedes that "Defendant Bryan was not involved individually." (Response at p. 5.) Therefore, any claims against Sheriff Bryan in his individual capacity must rest on either a theory of vicarious liability (or *respondeat superior*) for the actions of Detective Barbee, or on a theory of negligence by Sheriff Bryan in performing his supervisory tasks. For the reasons discussed below, these theories fail with respect to both the § 1983 claims and the Tennessee common law claims against Sheriff Bryan individually, and accordingly these claims will be dismissed.

## A. § 1983 Claims Against Sheriff Bryan In His Individual Capacity

County officials in their individual capacity cannot be held liable under § 1983 on the grounds of *respondeat superior*; liability can only be found if they "'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (quoting *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008)); *Harvey v. Campbell Cnty., Tenn.*, 453 F. App'x 557, 562-63 (6th Cir. 2011). Any attempt to hold a county official liable under § 1983 for the conduct of an employee based on the supervisor's role in policymaking or employee training must be treated as an action against the supervisor not in his or her individual capacity, but in his or her official capacity, or as an action against the county. *Harvey*, 453 F. App'x at 563.

Vicarious liability is thus unavailable as a ground for the § 1983 claim against Sheriff Bryan, individually. In support of his claim, Mr. Munson argues only that the "[C]omplaint sets forth plain statement allegations that would allow the court to draw the reasonable inference that Defendant Bryan's lack of proper training, policy enforcement, and responsibility directly led to" the alleged misconduct by Detective Barbee. (Response at pp. 8-9.) To the extent that this allegation gives rise to a claim of negligence in policymaking or employee training, it would at best give rise to a § 1983 claim against Wilson County (though, as discussed above, it is actually insufficient to support this claim), not against Sheriff Bryan as an individual. Accordingly, there are no grounds for § 1983 liability against Sheriff Bryan in his individual capacity and this claim will be dismissed.

### B. Tennessee Common Law Claims Against Sheriff Bryan In His Individual Capacity

In support of his common law claims against Sheriff Bryan individually, Mr. Munson argues only that the alleged misconduct by Detective Barbee gives rise to the *inference* that Sheriff Bryan may have been negligent in some capacity. Mr. Munson offers no argument explaining his legal grounds for any Tennessee common law claim against Sheriff Bryan in his individual capacity, let alone how the allegations in the Complaint could support these claims. Mr. Munson does not argue a legal ground for vicarious liability to attach to Sheriff Bryan for the actions of Detective Barbee with respect to any of the Tennessee common law claims. And to the extent that the Complaint contains boilerplate allegations against Sheriff Bryan for negligence in his supervisory role, these allegations are not accompanied by sufficient factual pleadings to support a claim under Tennessee common law. There are thus no grounds for any Tennessee common law claims against Sheriff Bryan in his individual capacity to proceed, and these claims will be dismissed.

### IV. Punitive Damages Claims Against Detective Barbee In His Individual Capacity

Because the § 1983 claims against Wilson County and the § 1983 and Tennessee common law claims against Sheriff Bryan in his individual capacity will be dismissed, the punitive damages claims associated with these causes of action will also be dismissed without further analysis. This leaves only punitive damages arising from claims against Detective Barbee in his individual capacity. For the reasons discussed below, these punitive damages claims will not be dismissed at this stage.

The parties agree that punitive damages may be granted in connection with Mr. Munson's claims against Detective Barbee in his individual capacity, under both state and federal law, if

Mr. Munson can demonstrate that Detective Barbee acted with some form of recklessness, callousness, or malice. *Smith v. Wade*, 461 U.S. 30, 51 (1983) (punitive damages are available under § 1983 where there is "reckless or callous disregard for the plaintiff's rights"); *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 2002) (in Tennessee, punitive damages may be awarded where "a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly.") While the allegations in the Complaint are certainly not the most egregious the court has seen, at this stage of the litigation, the court cannot rule out the possibility that Mr. Munson's allegations could give rise to a finding of malicious, callous, or reckless conduct, once the record is developed further. In particular, Mr. Munson alleges that Detective Barbee looked at exonerating evidence, continued the investigation anyway, and told Mr. Munson "I don't owe you anything. We got our man, case closed." Construed in the light most favorable to Mr. Munson, these allegations could support a finding of recklessness.[8] Therefore, the punitive damages claims against Detective Barbee in his individual capacity will not be dismissed.

## V. TENN. CODE ANN. § 40-7-101 Claims

TENN. CODE ANN. § 40-7-101, which is part of the Tennessee Code of Criminal Procedure, states simply: "An arrest may be made either by: (1) An officer under a warrant; (2)

---

[8] The Wilson County Defendants argue that Mr. Munson's allegations that Detective Barbee arrested him over his protests of his innocence cannot, without more, give rise to a claim for punitive damages. They argue that such a holding would subject to punitive damages any officer arresting someone who verbally claims their innocence (a significant number of arrestees). While the court agrees that such an outcome would be unsound, the court notes that Mr. Munson actually alleges additional misconduct by Detective Barbee beyond simply arrest over protestations of innocence; Mr. Munson's factual allegations also include possible disregard for tangible evidence and the continuation of Mr. Munson's prosecution – including cooperation in Mr. Munson's second arrest for related charges in another county – despite already having acquired potentially exonerating evidence.

An officer without a warrant; or (3) A private person." In addition to the fact that, as the Wilson County Defendants argue, the Tennessee Code of Criminal Procedure does not provide for any private right of action, there is not even any language in § 40-7-101 that addresses the type of misconduct alleged in the Complaint. The language Mr. Munson quotes without attribution in the Complaint to support this cause of action – "Defendants did not act 'prudently, reasonably, and use ordinary care in making arrests including the ascertainment that the right person is being arrested.'" (Complaint ¶ 112) – is not found in § 40-7-101. Rather, this language appears to have been pulled from Tennessee Court of Appeals decisions cited in Mr. Munson's briefing, which discuss only Tennessee common law claims for false arrest and false imprisonment. *State ex. Rel. Anderson v. Evatt*, 471 S.W.2d 949, 950 (Tenn. Ct. App. 1971); *Woods v. Harell*, 596 S.W.2d 92 (Tenn. Ct. App. 1979). These cases – like the other cases cited by Mr. Munson on this issue – do not refer at all to § 40-7-101. Mr. Munson's invocation of § 40-7-101 thus appears to be an attempt to shoehorn his Tennessee common law claims for false arrest and false imprisonment (which are contained separately in the Complaint) into claims for statutory violations. This construction of the Tennessee Code, however, is untenable, and any claims brought pursuant to § 40-7-101 against the Wilson County Defendants will be dismissed with prejudice.

## **CONCLUSION**

For these reasons, the Wilson County Defendants' Partial Motion to Dismiss will be granted in part and denied in part. The following claims will be dismissed without prejudice: 1) 42 U.S.C. § 1983 claims against Sheriff Bryan and Detective Barbee in their official capacities, and 2) claims against Sheriff Bryan in his individual capacity arising under both 42 U.S.C. § 1983 and Tennessee common law. In addition, the claims brought pursuant to TENN. CODE ANN.

§ 40-7-101 against Detective Bryan and Detective Barbee in their individual and official capacities will be dismissed with prejudice.  The Partial Motion to Dismiss is denied with respect to punitive damages arising from individual capacity claims against Detective Barbee under both 42 U.S.C. § 1983 and Tennessee common law.

Based on the court's construction of the Second Amended Complaint, the following claims against the Wilson County Defendants will proceed:  1) official capacity claims against Sheriff Bryan and Detective Barbee under Tennessee common law (and associated punitive damages claims), 2) individual capacity claims against Detective Barbee under both 42 U.S.C. § 1983 and Tennessee common law (and associated punitive damages claims), and 3) official and individual capacity claims against Sheriff Bryan and Detective Barbee under TENN. CODE ANN. § 8-8-301 *et seq*.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge